IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Korell Battle, #292294, ) | |
| ) | Civil Action No. 8:07-1841-GRA-BHH |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Warden Willie Eagleton, ) | |
| Sharron Patterson, and ) | |
| Anthony Ridges, ) | |
| ) | |
| Defendants. ) | |

The plaintiff, a prisoner proceeding pro se, brought this action alleging constitutional violations pursuant to 42 U.S.C. § 1983. The matter is before the Court on the defendants' motion for summary judgment (Dkt. # 28.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The plaintiff brought this action on June 28, 2007, seeking damages for alleged civil rights violations.[1] On January 10, 2008, the defendants filed a motion for summary judgment. By order filed January 11, 2008, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On February 21, 2008, the plaintiff filed a response opposing the defendants' summary judgment motion.

## FACTS

The plaintiff is a state prisoner currently incarcerated at the Lieber Correctional Institution. The plaintiff is serving a thirty year sentence for armed robbery. The claims

---

[1] This date reflects that the complaint was stamped as received on June 28, 2007, at the Lieber Correction Institution mailroom. (Compl. Attach.) *See Houston v. Lack*, 487 U.S. 266 (1988)(holding prisoner's pleading is considered filed when filed with prison authorities for forwarding to the district court).

raised in this action stem from a disciplinary conviction during the plaintiff's previous term of incarceration at the Evans Correctional Institution.

On July 23, 2004, the plaintiff was charged with the assault and battery of a corrections officer, Sergeant Taylor. After a disciplinary hearing on August 11, 2004, the plaintiff was found guilty and sanctioned with 360 days of disciplinary detention, 360 days suspension of visitation privileges, and the loss of 265 days of good time credit. The plaintiff alleges that his due process rights were violated during the disciplinary hearing.

The plaintiff denies assaulting Sgt. Taylor. (*Id*. ¶ 11.) The plaintiff alleges that he witnessed two unidentifiable inmates attack Sgt. Taylor. (Compl. ¶¶ 4-5.) After the assault, he states he was put in lock-up with another inmate (*id*. ¶¶ 10, 12) and he was served with disciplinary charges for assaulting a staff member sometime between July 1 - August 31, 2004. (*Id*. ¶ 14.)

The plaintiff alleges he requested that Sgt. Taylor and three inmate witnesses be called to testify at the disciplinary hearing. (Compl. ¶¶15-16.) The plaintiff acknowledges that he was provided a counsel substitute, the defendant Anthony Ridges, however, he alleges Ridges was friends with Sgt. Taylor and acted hostile towards the plaintiff. (*Id.* ¶¶ 21-22.) He states he gave Ridges the names of the witnesses he wanted to call, but Ridges sent him back to lock-up and refused to allow him to attend the disciplinary hearing. (*Id*. ¶¶ 18, 22-23.) He alleges the hearing officer, the defendant Sharon Patterson, knew he was in the holding cell, but refused to let him attend the hearing or call Sgt. Taylor or any of his witnesses. (*Id.* ¶¶ 24-25.) He alleges he later received a written disposition of the charges signed by Patterson finding him guilty. (Compl. ¶ 28.)

The plaintiff alleges he appealed, but the defendant Willie Eagleton failed to timely respond to his Step 1 appeal. (*Id*. ¶ 30.) He further alleges he filed a Step 2 grievance between October 2004 and February 2005, but did not receive a response. (Id. ¶¶ 31-32.) He states that he complained about the unresponsiveness and was told there was a backlog of grievances. He alleges he waited for a response but was released from prison

2

in July or August 2005. (Compl. ¶ 33.) He alleges the defendants knew he was going to be released and failed to respond because of a South Carolina Department of Corrections ("SCDC") policy which states that grievances are terminated if an inmate is released. (*Id.* ¶¶ 36-37.)

He alleges he was incarcerated again on May 9, 2007, on a new sentence. (Compl. ¶ 34.) After forty-three days, he was transferred to Lieber on June 21st, where he alleges he "was placed in a special cell called the 'pink room.'" (Compl. ¶ 42.) The plaintiff explains the "pink room" is for inmates who are required to wear pink jumpsuits which he is not. (*Id*. ¶¶ 43-44.) He alleges other cells were vacant, but that "someone purposely wanted to punish [him] by placing [him] in this cell." (*Id*. ¶ 45.)

He alleges that on June 22, 2007, he spoke with classification officer Tucker who later moved him to a regular cell. (*Id*. ¶ 46.) He also alleges Tucker told him that his custody level had been raised from an M-I to an M-E because of the assault conviction he had received from his prior sentence. (Compl. ¶ 47.) He further alleges this higher custody level prevents him from being eligible for jobs.

The plaintiff seeks punitive damages and compensatory damages of $75.00 to $100.00 per day for his pain and suffering and actual injury. He also seeks an injunction requiring the defendant Eagleton to expunge the prior disciplinary conviction. (Compl. at 5.)

## **APPLICABLE LAW**

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to

3

summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

### **DISCUSSION**[2]

The plaintiff raises essentially two claims in his complaint - the denial of due process during his disciplinary hearing and a retaliation claim regarding his classification. The defendants have filed a motion for summary judgment contending the plaintiff's claims

---

[2] The undersigned notes that the plaintiff in his response opposing the defendants' summary judgment motion, skips from argument #5 to #8. (Pl.'s Mem. Opp. Summ. J. at 14-15.) Although the plaintiff did not sequentially number his memorandum, there does not appear to be an omission of any pages from the plaintiff's response. Rather, it appears to be in response to the misnumbering of the arguments made in the defendants' memorandum where they skip from argument #5 to argument # 8. (Defs.' Mem. Supp. Summ. J. at 10-11.)

regarding his disciplinary hearing are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), they are entitled to immunity, and the plaintiff has failed to state a retaliation claim. The undersigned agrees.

**Due Process Claim**

In his complaint, the plaintiff alleges his due process rights were violated during his disciplinary hearing. He specifically seeks damages and injunctive relief in the form of an order requiring the defendants to "expunge the disciplinary convictions described in the complaint from Plaintiffs record." (Compl. 5.) The defendants contend that this 1983 action is barred by *Heck v. Humphrey,* 512 U.S. 477 (1994). The undersigned agrees.

The plaintiff may not bring an action pursuant to § 1983 for an "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," without first having that conviction or sentence reversed, overturned, expunged, or otherwise called into question. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The United States Supreme Court specifically extended the *Heck* reasoning to the context of inmate disciplinary convictions in *Edwards v. Balisok,* 520 U.S. 641 (1997).

Later, the Supreme Court further limited the holding in *Heck v. Humphrey* in cases involving prison disciplinary proceedings in *Muhammad v. Close,* 540 U.S. 749 (2004). In *Muhammad*, the Court clarified that *Heck* does not apply "categorically to all suits challenging prison disciplinary proceedings." 540 U.S. at 754. In Muhammad, the plaintiff sought only monetary damages in his § 1983 suit and therefore could not be "construed as seeking a judgment at odds with his conviction or with the State's calculation of time to be served in accordance with the underlying sentence. That is, he raised no claim on which habeas relief could have been granted on any recognized theory, with the consequence that Heck's favorable termination requirement was inapplicable." *Id.* at 754, 755. Here, however, the plaintiff is challenging his disciplinary conviction as he is seeking to expunge his disciplinary conviction.

A prisoner cannot bring a § 1983 action challenging a disciplinary proceeding resulting in the loss of good-time credits if the possible relief would necessarily imply the invalidity of the punishment imposed, unless the disciplinary action was previously invalidated. *Heck,* 512 U.S. at 646-47. Failure to allow the plaintiff to have witness testimony in his defense is the kind of procedural defect that would imply the invalidity of the disciplinary action. *Id*. at 647. The plaintiff was sanctioned with the loss of 265 days of good time credit and his disciplinary conviction has not been invalidated in any way. Therefore, the plaintiff's claim that his due process rights were violated during the disciplinary hearing is barred by the decision in *Edwards*. *See also Fox v. Ward*, 2008 WL 550115 (D.S.C. 2008).

The undersigned notes that to the extent the plaintiff seeks to expunge his disciplinary conviction, he may only do so by way of writ of habeas corpus, after he has exhausted his state court remedies. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).[3] In a federal habeas action reviewing a SCDC disciplinary conviction which affects the execution of a valid state sentence (here, the taking of 265 days earned good time credit), the South Carolina Administrative Law Court's review of the claim is a necessary step in the exhaustion of state remedies. *See* SCDC Inmate Grievance System Procedures Issued 1-1-2006, Numbers 13.7-13.9 (requires the inmate to appeal the result of a disciplinary hearing to the South Carolina Administrative Law Court); *Furtick v. South Carolina Dep't of Corr*., No. 26270, 2007 WL 522305 (S.C.2007). *See also Dicks v. South Carolina Dep't of Corr*., No. 9:06-cv-663-HFF-GCK, 2006 WL 1207851 at *3 (D.S.C.2006).

---

[3]The distinction between administrative remedies which must be exhausted under the PRLA in § 983 cases, such as the one at bar, and state court remedies which must be exhausted in habeas cases are different. Exhaustion under the PRLA ends at the issuance of the SCDC's final response in non-habeas prison condition cases. However, judicial review remains a necessary step in the exhaustion of state court remedies required in habeas matters. *Matthews v. Evatt*, 105 F.3d 907, 910-11 (4th Cir.1997) ("To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court.").

The petitioner explained the steps he has taken in his attempt to resolve his appeal/grievance with the SCDC; however, the petitioner never filed an action appealing his disciplinary conviction with the South Carolina Administrative Law Court ("ALC"). Assuming that the petitioner did properly file his appeal/grievance utilizing the SCDC's procedures and assuming that the SCDC failed to respond under their own procedures, the petitioner must still file an appeal with the ALC. The petitioner can, of course, argue before the ALC that the SCDC's "final answer" to his appeal/grievance is a "denial" due to the SCDC's failure to respond. *Woodford v. Ngo*, 126 S.Ct. 2378, 2387 (2006) (the law of habeas requires proper state exhaustion by complying with deadlines and other procedural rules).[4] Therefore, the court finds that the plaintiff's claims seeking damages and an expungement based upon his disciplinary conviction cannot be properly brought in a § 1983 action and, therefore, should be dismissed.

**Retaliation Claim[5]**

Additionally, in his complaint, the plaintiff alleges the defendants have classified him at a higher security level based on a retaliatory motive. It is well-settled that state officials may not retaliate against an inmate for exercising his constitutional rights, including his right to access the courts. *American Civ. Liberties Union v. Wicomico County,* 999 F.2d 780, 785 (4th Cir.1993). However, in order to sustain a cognizable retaliation claim under § 1983, an inmate must point to specific facts supporting his claim of retaliation. *White v. White*, 886 F.2d 271 (4th Cir.1989). "[B]are assertions of retaliation do not establish a claim of constitutional dimension." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir.1994) (noting federal courts should regard inmate claims of retaliation with "skepticism").

---

[4] To the extent the plaintiff complains that his constitutional rights were violated by not promptly responding to his grievances, this claim also fails. A state grievance procedure does not confer any substantive right upon prison inmates, a prison employee's failure to comply with the state's grievance procedure is not actionable under § 1983. *Adams v. Rice*, 40 F.2d 72 (4th Cir.1994). Accordingly, any delay in a response to grievances or to properly process complaints does not raise a claim of constitutional magnitude.

[5] It appears that the plaintiff has waived this claim in his response to the defendants' summary judgment motion. (Pl.'s Mem. Opp. Summ. J. at 13.) However, out of an abundance of caution, the undersigned has addressed this claim.

The "plaintiff must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." *Id.* To state a prima facie claim of retaliation under § 1983, an inmate must allege facts showing that his exercise of a constitutionally protected right was a substantial factor motivating the retaliatory action. *See, e.g., Hughes v. Bledsoe*, 48 F.3d 1376, 1386 n. 11 (4th Cir.1995) (*citing Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 287 (1977)).  The plaintiff must also allege that, as a result of the retaliatory action, he suffered some adverse impact on the continued exercise of his constitutional rights.  *Am. Civil Liberties Union v. Wicomico County*, 999 F.2d 780, 784 (4th Cir.1993) (finding that changes in prison regulations created a mere inconvenience to the exercise of constitutional rights and the inconvenience alone was not enough to constitute actionable retaliation).  In any event, the plaintiff is alleging that the defendants are retaliating against him for assaulting Sgt. Taylor and his unchallenged disciplinary conviction, not for filing this action.

Furthermore, the undersigned notes that prisoners generally do not have a constitutionally recognized liberty interest in a particular security classification nor a constitutional right to be confined in a particular prison. *Hewitt v. Helms*, 459 U.S. 460, 468 (1983); *Meachum v. Fano*, 427 U.S. 215, 224 (1976).

**Eleventh Amendment Immunity**

The defendants also contend that to the extent that the defendants are sued in their official capacities, they are not subject to suit.  The undersigned agrees.

"A suit against a state official in her official capacity . . . should be treated as a suit against the State." *Hafer v. Melo*, 116 L.E.2d 301, 309 (1991). The Court stated that "official-capacity suits 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Id.* at 309 (quoting *Kentucky v. Graham,* 473 U.S. 159 (1985) (further citation omitted)). A defendant in an official capacity action is entitled to the immunities which the governmental entity possesses. Based on the Supreme Court's

ruling in *Hafer*, the action against the defendants should be dismissed to the extent that they are sued in their official capacities.

The defendants in this matter are employees of the South Carolina Department of Corrections, an agency of the State of South Carolina. As such, they are entitled to immunity, pursuant to the Eleventh Amendment, for any suits brought against them in their official capacity. The Eleventh Amendment to the United States Constitution provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States . . . "  U.S. Const. Amend. XI.   The named defendants are clearly employees of the State and any claims against these defendants in their official capacities must be dismissed as a matter of law.

## **CONCLUSION**

Wherefore, it is RECOMMENDED that the Defendants' Motion for Summary Judgment (Dkt. # 28) be GRANTED

IT IS SO RECOMMENDED.

*Bruce H. Hendricks*
BRUCE H. HENDRICKS
UNITED STATES MAGISTRATE JUDGE

June 4,  2008
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**