UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Korell Battle, # 292294, | ) | C/A No.: 8:07-cv-1841-GRA-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | (Written Opinion) |
| Warden Willie Eagleton; Sharron Patterson; and Anthony Rogers, | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter comes before the Court to review Magistrate Judge Hendricks's Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.02(B)(2)(d), filed on June 4, 2008. For the reasons stated herein, this Court adopts the magistrate's Report and Recommendation in its entirety.

## Procedural History

Plaintiff originally filed this action pursuant to 42 U.S.C. § 1983, arguing that the defendants deprived him of his due process rights during a disciplinary hearing. Defendants filed a motion for summary judgment on January 10, 2008. The court issued an order pursuant to *Roseboro v. Garrison*, 428 f.2d 309 (4th Cir. 1975), advising the plaintiff of the summary judgment dismissal procedure and warning him of the consequences if he did not respond to the motion. Plaintiff responded on February 21, 2008.

The magistrate now recommends dismissing both of the plaintiff's causes of action. The plaintiff filed objections to the Report and Recommendation on June 19, 2008.

### **Standard of Review**

Plaintiff brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983).

**Objections**

The plaintiff first objects that the magistrate erred by finding that *Heck v. Humphries*, 512 U.S. 477 (1994), required dismissal of the plaintiff's action because *Heck* did not involve a challenge to a prison disciplinary proceeding. However, *Edwards v. Balisok*, applied the *Heck* rule in the prisoner disciplinary hearing context. 520 U.S. 641 (1997). Therefore, this objection is meritless.

Next, Plaintiff argues that his case is factually distinguishable from *Muhammad v. Close*, 540 U.S. 749 (2004). He goes on to cite several cases that he alleges apply to his case instead of *Muhammad* and *Heck*. However, Plaintiff never rebuts the magistrate's application of *Muhammad's* rule that *Heck* applies to the plaintiff's case because the injunction the plaintiff is seeking would implicitly undermine the results of the disciplinary hearing that occurred during his prior period of incarceration. Therefore, this objection is without merit.

Plaintiff then objects that the magistrate erred by finding that the plaintiff must exhaust his remedies prior to filing this § 1983 action. It is true that a § 1983 action does not have an exhaustion requirement. However, the plaintiff's injunction would necessarily imply the invalidity of the prior disciplinary hearing. This is a remedy within the confines of a habeas petition, a petition with an exhaustion requirement. Therefore, the magistrate did not err by finding that the plaintiff must exhaust his administrative remedies before bringing an action that seeks to invalidate his prior disciplinary hearing.

Plaintiff next objects to the magistrate's characterization of his claim for retaliation. Plaintiff objects that he did not intend to sue for retaliation. A *pro se* litigant's pleadings are held to a less stringent standard than those of an attorney. The magistrate characterized the plaintiff's facts as a claim for retaliation to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982). The plaintiff suffered no prejudice if the magistrate refuted a claim the plaintiff did not intend to make, and this objection is, therefore, without merit.

Finally, Plaintiff objects that the magistrate erred by finding that Warden Eagleton is protected by Eleventh Amendment immunity because, even with such immunity, the plaintiff is allowed to sue a state actor for an injunction. However, as aforementioned, *Heck* precludes the injunction the plaintiff is seeking. Therefore, regardless of the Eleventh Amendment, the plaintiff cannot maintain the immediate action for an injunction.

## Conclusion

After a thorough review of the magistrate's Report and Recommendation, the plaintiff's fifteen pages of objections, and the relevant case law, this Court finds that the magistrate applied sound legal principles to the facts of this case. Therefore, this Court adopts the magistrate's Recommendation in its entirety.

IT IS THEREFORE SO ORDERED THAT the defendants' motion for summary judgment be GRANTED.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

July 28, 2008
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**